**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| G.M. SIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. _____ |
| | ) | |
| v. | ) | Removal from the Circuit Court of the |
| | ) | Nineteenth Judicial Circuit, Lake County, |
| BRINK'S MFG. CO., | ) | Illinois, Case No. 09 CH 3178 |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL TO FEDERAL COURT**

TO:    Brian J. Wanca, ANDERSON & WANCA, 3701 Algonquin Rd., Suite 760,
Rolling Meadows, IL 60008, attorney for plaintiff G.M. SIGN, INC.
Phillip A. Bock, BOCK & HATCH, LLC, 134 N. LaSalle St., Suite 1000,
Chicago, IL 60602, attorney for plaintiff G.M. SIGN, INC.

Defendant BRINK'S MFG. CO., ("Defendant"), by its attorneys, hereby notices the
removal of this action from the Circuit Court of the Nineteenth Judicial Circuit, Lake County,
Illinois, of the cause entitled <u>G.M. Sign, Inc. v. Brink's Mfg. Co.</u>, Case No. 09 CH 3178, to the
United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28
U.S.C. §1446(a), and states as follows:

    1.    On or about August 11, 2009, Defendant received G.M. SIGN, INC.'s
("Plaintiff") Summons and Complaint in the above-referenced matter. A true and correct copy
of the Summons and Complaint, which constitutes all process, pleadings and orders served upon
Defendant, is attached hereto as Exhibit 1.

2.      This Notice of Removal is filed within thirty (30) days of the date on which Defendant received the Summons and Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      The Complaint alleges Defendant violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unauthorized fax advertisements. The Complaint also alleges commonly law conversion.

4.      The Defendant is a citizen of the State of Minnesota pursuant to 28 U.S.C. §§ 1332(a) and 1332(c)(1).

5.      Upon information and belief, Plaintiff is a resident and citizen of the State of Illinois.

6.      Removal of this action is premised on a federal jurisdiction question based upon 28 U.S.C. §§ 1441(a) and (b) in that this is a civil action brought in a state court of which the district courts have original jurisdiction under 28 U.S.C. §§ 1331 and 1441. See also Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 451 (7th Cir. 2005).

7.      Removal of this action is further premised on diversity jurisdiction based upon 28 U.S.C. §§ 1332(a), 1332(c)(1), and 1441. This matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Specifically, the cost of complying with the injunctive relief requested by Plaintiff will cost over $75,000. Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

8.      While Plaintiff's Complaint attempts to disclaim its damages over $75,000, such a disclaimer is not binding on Plaintiff or other class members, and does not defeat diversity jurisdiction under Illinois law.

9.    A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Nineteenth Judicial, Lake County, Illinois, and served upon all adverse parties as required by 28 U.S.C. § 1446(d).

Respectfully submitted,

BRINK'S MFG. CO., Defendant

By /s/ Ronald N. Primack                              .
      Ronald N. Primack, Local Counsel

Ronald N. Primack
Law Offices of Ronald N. Primack, LLC
Attorney for Defendant
18401 Maple Creek Drive, Suite 100
Tinley Park, Illinois 60477
Phone: (708) 444-0277

Sara Gullickson McGrane, (Admission pending)
Jon L. Farnsworth, (Admission pending)
Felhaber, Larson, Fenlon & Vogt, P.A.
Attorneys for Defendant
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Phone:  (612) 339-6321

# EXHIBIT 1

**SUMMONS**

### IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT
### OF THE NINETEENTH JUDICIAL CIRCUIT,
### LAKE COUNTY, ILLINOIS

| | |
|---|---|
| G.M. SIGN, INC. )<br><br>_____ )<br>_____ )<br>_____ )<br>_____ )<br>_____ )<br><div align="right">Plaintiffs )</div><br><div align="center">vs. )</div><br>BRINK'S MFG. CO. )<br>_____ )<br>Serve: Brink's Mfg. Co. )<br>    75351 255th Street )<br>    Clarks Grove, MN 56016 )<br>_____ )<br>_____ )<br><div align="right">Defendants )</div> | **09 CH 3170**<br><br>No. _____ |

To each of the above-named defendants:

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT, Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of AUG ___ ____ A.D., 20 ____

_____
SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Brian J. Wanca/Anderson
+ Wanca/3701 Algonquin Rd. #760
Address Rolling Meadows, IL 60008
Telephone 847-368-1500

Date of Service: _____, 20 _____
(To be inserted by officer on copy left with defendant or other person.)

171-138 Rev 9/00

**EXHIBIT 1**

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

G.M. SIGN, INC., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
 )
 )
Plaintiff, )
 )
v. ) No. 09 CH 3178
 )
BRINK'S MFG. CO., )
 )
Defendant. )

AUG 0 7 2009

## CLASS ACTION COMPLAINT

Plaintiff, G.M. SIGN, INC. ("Plaintiff"), brings this action on behalf of itself and all other

persons similarly situated, through its attorneys, and except as to those allegations pertaining to

Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the

following upon information and belief against Defendant, BRINK'S MFG. CO. ("Defendant"):

### PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.  On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion.

5.  Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.  Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Lake County, Illinois and Defendant is a foreign corporation.

8.  Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.  Plaintiff is an Illinois corporation with its principal place of business in Lake County, Illinois.

10.  On information and belief, Defendant, BRINK'S MFG. CO. is a Minnesota corporation with its principal place of business in Clarks Grove, Minnesota.

## FACTS

11.  On or about January 12, 2006, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

2

12. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

<div align="center">

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

</div>

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

17. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendant sent unsolicited fax advertisements;

<div align="center">3</div>

(ii)     Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)  Whether the Court should award trebled damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...," 47 U.S.C. § 227(b)(1).

4.

21.   The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.   The TCPA provides:

> 3.   Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)   Both such actions.

23.   The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.   Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.   The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.   Defendant knew or should have known that (A) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (B) that Plaintiff and the other class members did not have an established business relationship with Defendant, and (C) that Exhibit A is an advertisement.

5

27. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, BRINK'S MFG. CO., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

6

## COUNT II
## CONVERSION

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

31.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)     Whether Defendant committed the tort of conversion.

32.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40. . Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, BRINK'S MFG. CO., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

Respectfully submitted,

G.M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

By: _____
One of Plaintiff's Attorneys

9

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

10

**EXHIBIT A**



**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

G.M. SIGN, INC., an Illinois corporation, )
individually and as the representative of a )
class of similarly-situated persons, )
                        )
                 Plaintiff, )
                        )   No.
       v.                  )             09 CH 3178
                        )
BRINK'S MFG. CO., )
                        )
               Defendant. )

AUG 0 7 2009

*Circuit Clerk*

Plaintiff, G.M. SIGN, INC., by its attorneys, Anderson + Wanca and Bock &

Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to

certify for class action treatment the following classes, as described in Plaintiff's Class

Action Complaint:

> All persons who (1) on or after four years prior to the filing
> of this action, (2) were sent telephone facsimile messages
> of material advertising the commercial availability of any
> property, goods, or services by or on behalf of Defendant,
> (3) with respect to whom Defendant cannot provide
> evidence of prior express permission or invitation for the
> sending of such faxes, and (4) with whom the Defendant
> did not have an established working relationship.

> All persons who (1) on or after five years prior to the filing
> of this action, (2) were sent telephone facsimile messages
> of material advertising the commercial availability of any
> property, goods, or services by or on behalf of Defendant,
> (3) with respect to whom Defendant cannot provide
> evidence of prior express permission or invitation for the
> sending of such faxes, and (4) with whom the Defendant
> did not have an established working relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, G.M.SIGN, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

G.M. SIGN, INC., individually and as the representative for a class of similarly-situated persons

By: _Brian J Wanca_

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
Attorney No. 3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St. Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5555

2